IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MICHAEL McGRAW, PRO SE, <br> TDCJ-CID No. 662807, <br><br> Plaintiff, <br> v. <br><br> JASON HEATON, Region V Director, TDCJ, <br><br> Defendant. | 2:16-CV-0152 |

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND DENY PLAINTIFF'S MOTION TO REMAND

Before the Court is Defendant's Motion to Dismiss Pursuant to 12(b)(1) and for Failure to State a Claim under 12(b)(6) filed July 18, 2016. On August 1, 2016, plaintiff requested leave to amend his complaint [D.E. 10] and on August 5, 2016 he filed a response to the motion to dismiss [D.E. 12] and subsequently a Motion to Remand [D.E. 13]. The Court has reviewed the arguments of the parties and the information attached to plaintiff's filings.

### OVERVIEW OF THE CASE

On May 5, 2015, plaintiff received a misconduct report from Correctional Officer ("CO") Laseanda Wright. Plaintiff alleges the misconduct report contained false information. Plaintiff alleges Correctional Officer Destiny McDonald investigated the misconduct report and then CO Wright falsified an official document and changed the case against him.[1]

On May 8, 2015, plaintiff states he was notified of the charge by his counsel substitute and he was served with a disciplinary case. On May 12, 2015, the disciplinary case was

---

[1] Plaintiff does not name WRIGHT, McDONALD, or KEMPH as defendants in his original suit, but proposes to add these individuals as defendants in his "amended complaint." For reasons set forth below, plaintiff's proposed amendment does not comply with Local Rule 15(a) of the Northern District of Texas, and the addition of these three defendants would be futile, as plaintiff has not alleged a due process violation by any or all of these three individuals or defendant HEATON that survives judicial screening.

conducted by TDCJ Captain Wilbur Kemph. Plaintiff alleges he was refused the right to call or present witnesses, interview alibi witnesses, and challenge the false statements of the investigating officer. Plaintiff alleges Kemph then notified the craftshop supervisor to remove him from the craftshop program.

On May 20, 2015, plaintiff filed his Step 1 grievance and admits he received a response on June 5, 2015 upholding the guilty finding of the disciplinary hearing, which was signed by Warden Barry Martin. On June 14, 2015, plaintiff submitted a Step 2 disciplinary appeal and also sent a letter to the Regional Director, HEATON, requesting an investigation. On June 25, 2015, plaintiff received a response to his Step 2 grievance stating "records indicate that at NO time did you request witnesses." It appears this grievance was also approved by Warden Martin. On July 8, 2015, plaintiff submitted a request to Warden Barry Martin requesting an interview to present evidence, but Martin told plaintiff to file a grievance to address his remedies.

On June 26, 2015, Assistant Regional Director Mark Roth responded to plaintiff's letter stating "you have exhausted all remedies available to you on the unit, all policies and procedures were and will be followed during disciplinary process."

Plaintiff alleges a loss of his craftshop privileges resulted from his disciplinary case and he had $3000.00 in supplies and materials which were lost as a result of his lost privileges. Plaintiff additionally claims he has lost $5000.00 a year in income as a result of the wrongful disciplinary case. He was also denied recreation for 45 days and denied commissary privileges for 45 days and he was demoted a position in a line-class, which he alleges affected his ability to earn good time credits for the year.

By his Complaint, plaintiff alleges he was denied due process by defendant HEATON when his Step 1 and Step 2 grievances were denied by TDCJ without following proper

procedure. Additionally, plaintiff alleges his property and earning income were affected by HEATON's actions.

## CLAIMS AND REQUESTS FOR RELIEF

Plaintiff MICHAEL MCGRAW, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed a civil lawsuit complaining against defendant HEATON. This lawsuit was filed in the Texas Justice of the Peace Court. Defendant HEATON removed the case to federal court. Plaintiff has a pending motion to amend his complaint and a pending motion to remand to the justice court. Plaintiff's request to amend his complaint does not comport with Local Rule 15(a) of the Local Rules of this Court, which requires that a copy of the proposed amended or supplemental complaint be attached to the motion for leave to amend or supplement because plaintiff has failed to attach a proposed amended complaint. However, plaintiff argues he did not seek to file a § 1983 civil rights action. Plaintiff requests his case be remanded to the justice of the peace court so that he can remove all due process claims from his complaint. However, because of plaintiff's factual allegations and claims, and his requests for relief, it is not possible for him to amend this complaint to remove the due process claims and still have a claim at all. The alleged harm plaintiff claims is the loss of his craftshop materials and privileges, along with loss of personal property and loss of his position in a line-class to earn good time credit for the year as a result of a TDCJ disciplinary case. Plaintiff alleges he was denied due process by defendant HEATON when his grievances (and the appeal of those grievances to the Regional Director's Office) of the disciplinary case were denied.

Plaintiff also claims defendant HEATON violated plaintiff's due process rights by failing to adequately and properly train and oversee TDCJ staff in the execution of disciplinary proceedings at the Clements Unit. Plaintiff states he suffered loss of his property, workshop

privileges, earning capacity, and line-class position for earning good time credit as a result of HEATON's actions.

The Court has also reviewed plaintiff's "amended complaint" and "attachments to amended complaint" where plaintiff proposes to add as defendants TDCJ officers WRIGHT, MCDONALD, and KEMPH. Plaintiff claims WRIGHT initiated false charges against him that resulted in his ultimate loss of craftshop property as a result of unspecified "retaliation." Plaintiff alleges MCDONALD investigated the false charges. Plaintiff asserts KEMPH denied him due process in his disciplinary hearing by not allowing plaintiff to present witnesses and KEMPH lied about plaintiff's request to produce witnesses at the hearing.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal without the burdens of discovery when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). To move past a 12(b)(6) motion the plaintiff "must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

Rule 12(b)(6) dismissals are powerful tools in the protection of immunities granted to official actors and these dismissals are effective in expediting the judicial process in cases where there are no cognizable claims, but these dismissals are disfavored motions that are rarely

granted. *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986). However, when a plaintiff fails to plead any facts articulating a claim or it is apparent on the face of the complaint that these facts do not exist, such a motion is appropriate.

Defendant has asserted the defense of qualified immunity. In *Scott v. Harris*, 550 U.S. 372, 380–81, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) the Supreme Court held that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380. Here, however, the defendant has not filed a motion for summary judgment. Instead, it is a motion to dismiss which is before the Court.

Defendant asserts Eleventh Amendment immunity. The principle of state-sovereign immunity generally precludes actions against state officers in their official capacities. *See Edelman v. Jordan*, 415 U.S. 651, 663-69, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The exception to this rule is contained in the *Ex parte Young* doctrine. Under *Ex parte Young*, "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

In reviewing plaintiff's request to remand the case to state justice of the peace court, the Court must determine if this is a state law claim or a federal law claim. Defendant HEATON correctly points out that plaintiff's supporting case law regarding his factual assertions is federal case law. The claims he asserts involve constitutional violations and his claims are against a state official in his supervisory and personal capacity. These claims fall under § 1983 and are properly heard in federal court. In order to remove a state court case to federal court, a defendant must meet a four pronged test. First, it must be necessary to resolve a federal issue in order to resolve the state-law claim; second, the federal issue must be disputed; third, the federal issue is substantial to the claim; and finally, federal jurisdiction does not disturb the balance between

state and federal judicial responsibilities. *See Singh v. Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

## DUE PROCESS IN DISCIPLINARY PROCEEDINGS

Plaintiff's requested relief in his original filing in Texas Justice of the Peace Court was monetary damages for loss of his craftshop supplies ($3000.00) and loss of future earnings from those craftshop supplies ($5000.00). Plaintiff has not altered his requested relief. Plaintiff alleges he was denied due process by TDCJ officer Wilber KEMPH in a disciplinary hearing which resulted in his removal from the craftshop program and loss of his property. Plaintiff additionally states he was denied due process by HEATON, the only defendant named in his original suit, by HEATON's failure to overturn the results of that disciplinary case through the TDCJ grievance process. Finally, he alleges CO WRIGHT wrongfully initiated the disciplinary case against him.[2] Plaintiff does not allege any wrongful behavior on the part of MCDONALD, he only alleges WRIGHT changed official documents during the investigation MCDONALD conducted. The question before the Court is whether plaintiff alleges facts sufficient to show he was denied due process in the loss of his craftshop supplies. The Court also considers whether he was denied due process during the disciplinary proceedings as alleged in his "amended complaint."

"[T]he touchstone of due process is protection of the individual against arbitrary action of government." *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 1716, 140 L.Ed.2d 1043 (1998). The Fourteenth Amendment's Due Process Clause "legitimately operates to extend to the citizens and residents of the States the same protection against arbitrary state legislation, affecting life, liberty and property, as is offered by the Fifth Amendment against similar legislation by Congress." *Hibben v. Smith*, 191 U.S. 310, 325, 24 S.Ct. 88, 48 L.Ed. 195 (1903). The concept of due process does not require that all kinds of complaints be handled exactly alike.

---

[2] Plaintiff never articulates the nature of the allegations against him by WRIGHT, nor does plaintiff articulate the information his "alibi" witnesses could have provided at the disciplinary hearing. However, this information would not alter the analysis of the Court regarding his due process rights in these proceedings.

Instead, the requirements imposed by the Due Process Clause are flexible and vary depending upon the particular situation being examined. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983).

A prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] *atypical and significant hardship* on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (emphasis added) (quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)). While *Sandin* is not instructive of the correct methodology for determining when prison regulations create a protected property interest, that law was established in *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In *Roth*, the Supreme Court stated that, in order to have a property interest in a benefit, a person must have more than a unilateral expectation of it; he must "have a legitimate claim of entitlement to it." *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995)(quoting *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)).

The suspension of craft shop privileges does not impose "atypical and significant hardship" on a prisoner such that he has a due process right to the procedural safeguards. *See Holloway v. Smith*, 253 F.3d 700 (5th Cir. 2001) (unpublished) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-65, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). With respect to his loss-of-property claim, plaintiff does not indicate that state post-deprivation remedies were inadequate to afford relief for the loss. *See Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir.1995); *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Due process is satisfied when the plaintiff is afforded ample notice and sufficient opportunity to object to the confiscation of his property, such as by way of the prison grievance system. *Allen v. Thomas*, No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005). Post-deprivation proceedings such as TDCJ's grievance procedures are adequate to satisfy the Due Process Clause with respect to confiscation

of property pursuant to prison regulations. *McQueen v. Vance*, 68 F.3d 471, 1995 WL 581861, *1 (5th Cir. Sept. 20, 1995) (unpublished) (citing *McBride v. Collins*, No. 93-7468, slip op. at 3 (5th Cir. Jan. 19, 1994) (unpublished); *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005). Plaintiff is entitled to file a grievance in regards to his loss of craft shop privileges and supplies. He alleges he did file grievances and receive responses to those grievances. Plaintiff is not entitled to a reversal of his disciplinary proceeding.

Plaintiff has only named HEATON as a defendant in his case; although, as set forth above in a document plaintiff titles "amended complaint," and in attachments to that amended complaint filed in another document, plaintiff also names Correctional Officer Laseanda Wright ("WRIGHT"), Correctional Officer Destiny McDonald ("MCDONALD"), and TDCJ Captain Wilbur Kemph ("KEMPH") as parties to his suit. Although the Court will issue an order denying plaintiff's motion for leave to amend separately, for failing to comply with local rule 15(a) through the submission of an attached proposed amended complaint incorporating all allegations into a single complaint, the Court notes that such an amendment would be futile because of the reasons discussed in this REPORT and RECOMMENDATION.

As to the primary allegation, i.e. plaintiff's claim against defendant HEATON for failing to resolve plaintiff's complaint, the narrowing of prisoner due process protection announced in *Sandin* leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. *See Sandin v. Conner, supra*, 515 U.S. at 477-80. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir. 1988); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff is not legally entitled to an investigation into his complaints nor a favorable response to his administrative grievances. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Plaintiff has a right to file his grievance and receive a response from TDCJ, albeit not a right to a

favorable response. This satisfies due process. From the face of plaintiff's pleadings, he filed grievances and received responses from TDCJ to those grievances. Plaintiff's claim against defendant HEATON lacks an arguable basis in law and is frivolous.[3] *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To the extent plaintiff is alleging he was not guilty of the underlying act which led to his disciplinary case, such is a claim for malicious prosecution. There is no longer a freestanding claim for malicious prosecution in this Circuit. *See Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Consequently, an inmate's claim that an officer initiated disciplinary proceedings against him "in bad faith" does not state a claim. *Id.* at 946. Plaintiff's claim that CO Wright initiated a false disciplinary case against him does not state a claim. Plaintiff, in his "amended complaint," merely states that CO Laseanda Wright, the officer who initiated disciplinary charges against him, did so "in retaliation." Wright is not a named defendant, but plaintiff did include Wright in his "amended complaint." Plaintiff does not allege any underlying reason why CO Wright would act in a retaliatory fashion toward plaintiff. In fact, plaintiff alleges no facts at all to support a retaliation claim. Conclusory allegations that a disciplinary case was false or retaliatory "will not be enough to withstand a proper motion for dismissal of the claim" because they are insufficient to support a cognizable constitutional claim. *Johnson v. Fobbs*, 236 Fed.Appx. 115 (5th Cir. Aug. 20, 2007) (unpublished) (citing *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999); *see also Decker v. Dunbar*, 633 F. Supp. 2d 317, 348 (E.D. Tex. 2008). Further, plaintiff has failed to allege a chronology of events from which retaliation may plausibly be inferred on the part of HEATON or any proposed defendant. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995).

In *Baxter v. Palmigiano*, 425 U.S. 308, 322 n. 5, 96 S.Ct. 1551, 1560 n. 5, 47 L.Ed.2d 810 (1976), the Supreme Court squarely held that a prison disciplinary committee is not required to base its determination solely upon the evidence presented at the hearing, and on numerous

---

[3] This same analysis applies to proposed additional defendants WRIGHT, MCDONALD, and KEMPH.

occasions the Court has stated that an inmate's confrontation and cross-examination rights are subject to overriding considerations of prison order and to the sound discretion of prison officials. *Wolff v. McDonnell*, 418 U.S. 539, 567-69, 94 S.Ct. 2963, 2980-81, 41 L.Ed.2d 935 (1974); *Baxter*, 425 U.S. at 321-23; *see also Ponte v. Real*, 471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985) (the right to call witnesses is subject to the discretion of prison officials), and *Hughes v. Rowe*, 449 U.S. 5, 9 n.6, 101 S.Ct. 173, 175 n. 6, 66 L.Ed.2d 163 1980) (same).

Plaintiff does not allege individual involvement by HEATON in the investigation and denial of his grievances or in the original disciplinary charge. Plaintiff has not alleged that HEATON signed off on any of the grievances in his case; rather, he alleged Warden Martin signed the first grievance, and alludes to the fact Warden Martin approved the second grievance. The grievances are not attached to any document in this case. The Court's discussion of the content of these grievances is taken from plaintiff's allegations in his pleadings. Plaintiff claims HEATON's role as a supervisor required better training of TDCJ officials. Personal involvement of each defendant in an alleged constitutional violation must be pled with specific facts to survive a motion to dismiss for failure to state a claim. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Supervisors are not held liable for the behavior of subordinates. Plaintiff has not alleged how HEATON was personally involved in this case. *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985). To the extent that plaintiff alleges HEATON is responsible for failing to overturn the decision of the disciplinary committee, plaintiff has failed to state a claim of a violation of due process, as discussed above.

Since defendant HEATON asserts he is entitled to qualified immunity the burden shifts to the plaintiff to rebut that defense. *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014). At the motion to dismiss stage, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.'" *Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (emphasis in original).

Plaintiff's claims, all taken as true, do not overcome the defense of qualified immunity. Plaintiff has failed to articulate a clearly established constitutional right and has failed to allege how HEATON violated that right. Plaintiff does not have a constitutionally protected liberty interest in having "grievances resolved to his satisfaction." *See Geiger v. Jowers*, 404 F.3d at 374. Plaintiff received appropriate TDCJ responses to his grievances, as well as a response to the letter he submitted to the Regional Director. Plaintiff's claims of entitlement to present witnesses, interview alibi witnesses, or have an independent investigation into the charges against him are not clearly established constitutional rights[4]; plaintiff was provided with the process required in a prisoner disciplinary case or in a property deprivation case. *See Wolff v. McDonnell*, 418 U.S. at 567-69. Plaintiff has not shown he is entitled to any additional due process regarding the loss of his craftwork supplies and future earnings beyond the responses to his grievances received by TDCJ.

Defendant HEATON also asserted Eleventh Amendment immunity in regards to any claim for damages against him in his official capacity. Plaintiff, in his "amended complaint" does make clear that he is suing HEATON (and other proposed defendants) in their individual capacities. To the extent plaintiff is making a claim for monetary damages against any defendant in their official capacities, such a claim is barred by the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

## PLAINTIFF'S REQUEST TO REMAND

A defendant may remove a state court action to federal court only if that action could have been initiated in the federal court; federal question or diversity jurisdiction must exist. *Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1160 (5th Cir. 1989). "[F]or both removal

---

[4] Therefore, plaintiff has not stated a claim against proposed defendant KEMPH. KEMPH is not a named defendant and has not asserted the defense of qualified immunity. However, plaintiff has still failed to state a claim against proposed defendant KEMPH because plaintiff has not alleged facts sufficient to show entitlement to increased due process.

and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc., v. Ford Motor Co.*, 145 F.3d 320 (5th Cir. 1998). The defendant must show a federal right is an essential element of plaintiff's cause of action. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed.2d (1936); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). The parties cannot confer subject matter jurisdiction on the court by agreement, *see, Buchner v. Federal Deposit Ins. Corp.*, 981 F.2d 816, 818 (5th Cir. 1993); and remand may occur at any time it becomes clear that subject matter or diversity jurisdiction are lacking, *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991). A case must be remanded if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The party seeking removal has the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Ordinarily the conclusion that the suit was improvidently removed requires a remand. *See McIntyre v. Fallahay*, 766 F.2d 1078 (7th Cir. 1985); 28 U.S.C. § 1447(c).

The propriety of removal depends on whether the suit - as the plaintiff framed or easily could have framed it in the complaint - would have been within the district court's original jurisdiction at the time of the removal. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939). If an improper removal goes unnoticed, the question becomes whether the district court would have had jurisdiction had the complaint been framed in the most favorable manner. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972).

In this case, defendant HEATON filed a response to plaintiff's motion to remand. In the response, HEATON articulates plaintiff's complaint is based entirely on a constitutional violation of due process rights. The claim is entirely based on a federal question and removal has already been granted. The Court can find no reason to remand the case to the state court.

Dismissal based on Rule 12(b)(6) for failure to state a claim of a pro se complaint without giving the plaintiff an opportunity to amend, is generally error; however, no error is committed if the court determines the plaintiff has alleged his best case. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). The Court has analyzed plaintiff's complaint *and* his proposed amended complaint[5]. The "amended complaint" was filed after the motion to dismiss. Therefore, the Court concludes that plaintiff has alleged the best possible case for his claims and has still failed to state a claim on which relief can be granted.

Plaintiff's requested relief would require the Court to reverse the disciplinary cases and overturn the grievance process in this case. It is unclear from plaintiff's pleadings whether the $3000.00 in "lost craftwork supplies" was the result of the disciplinary proceedings or was a collateral consequence of those proceedings which he alleges resulted in his removal from the Craft Program. Further, the $5000.00 lost in future earnings alleged by the plaintiff is most certainly a collateral consequence and is speculative. Plaintiff's claim of denial of due process in this loss of property does not state a claim upon which relief can be granted. Being deprived of property under color of state law, in and of itself, does not sufficiently allege a violation of due process under the Fourteenth Amendment. When the deprivation "did not occur as the result of some established state procedure, but as the result of the unauthorized failure of state agents to

---

[5] Plaintiff did not attach a proposed amended complaint in accordance with Local Rule 15(a) of the Northern District of Texas. Plaintiff submitted a handwritten amended complaint adding proposed defendants and facts. Plaintiff also submitted a document entitled "additional attachments to his amended complaint," which does not contain an amended complaint form and is duplicative of his amended complaint.

follow established state procedure," there is not a cognizable claim. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Plaintiff does not allege whether his property was confiscated and destroyed or whether he was allowed to keep the property but it is no longer financially beneficial without membership in the Craft Program. It is unclear from plaintiff's allegations whether the property loss of $3000.00 in supplies was authorized or unauthorized by state procedure, but in either case, plaintiff was provided with sufficient postdeprivation due process to challenge the loss. A state's postdeprivation tort remedies satisfy the due process needs in these cases. *Id.* at 1913.

Due process is satisfied when the plaintiff is afforded ample notice and sufficient opportunity to object to the confiscation of his property, such as by way of the prison grievance system. *Allen v. Thomas*, No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005). Post-deprivation proceedings such as TDCJ's grievance procedures are adequate to satisfy the Due Process Clause with respect to confiscation of property pursuant to prison regulations. *McQueen v. Vance*, 68 F.3d 471, 1995 WL 581861, *1 (5th Cir. Sept. 20, 1995) (unpublished) (citing *McBride v. Collins*, No. 93-7468, slip op. at 3 (5th Cir. Jan. 19, 1994) (unpublished); *Allen v. Thomas*, No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005). Plaintiff states he lost $3000.00 worth of supplies and $5000.00 worth of future earnings as a result of the disciplinary case. As discussed above, it is unclear precisely how this loss came about, but whether as a direct consequence of the disciplinary proceeding or as a collateral consequence, the grievance process was sufficient to address his claims. The original disciplinary hearing, and the follow-up grievance process, afforded plaintiff sufficient due process. *See Wolff v. McDonnell*, 418 U.S. at 567-69.

## CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss claims against defendant HEATON be GRANTED PURSUANT TO QUALIFIED IMMUNITY, FOR FAILURE TO STATE A CLAIM and as FRIVOLOUS. Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the civil complaint by plaintiff MICHAEL MCGRAW be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM and WITH PREJUDICE AS FRIVOLOUS. It is further the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's Motion to Remand be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 9th day of March, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin,* 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).